(No. 3036— ▇▇▇▇▇▇▇▇▇▇)

EMIL NEUHAUS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1938.*

JOHNSON & POTTER, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant seeks an award of Two Thousand Twenty-five ($2,025.00) Dollars for the total and permanent loss of use of his left arm, because of an injury incurred while employed by the respondent as an attendant at the Peoria State Hospital at Bartonville, Illinois.

While acting as such attendant on January 1, 1936, claimant was attacked by an inmate and thrown to the floor, causing a fracture of his left shoulder. Surgical and medical services were furnished him by respondent through the institution. A report from the Department of Public Welfare states that claimant received a fracture of the left clavicle at the junction of the outer with the middle third of the bone; that the function of his left arm and hand is markedly interfered with and that he is able to use it only slightly. Dr. Henry Knowles, who attended claimant, gives an opinion of fifty (50) per cent permanent disability of the use of the left arm. According to claimant's testimony he was nearly seventy-two years of age at the time he entered the employ of the hospital on July 7, 1933. At the time of the attack he was in Cottage 5C, being one of the locked buildings in which the more troublesome patients are kept. The injury arose out of and in the course of his employment and as an immediate result thereof, claimant was absent from his work for a period of one month up to February 1, 1936, during which time he paid his regular salary which was for non-productive time. The State furnished all medical and surgical services required, and after returning to work on February 1, 1936

claimant continued to work until the 1st of February, 1937. During the year immediately preceding his injury Mr. Neuhaus received a salary of Fifty-eight ($58.00) Dollars per month plus commutation for board, room and laundry of Twenty-four ($24.00) Dollars, making a total monthly salary of Eighty-two ($82.00) Dollars, or an annual salary of Nine Hundred Eighty-four ($984.00) Dollars, or an average weekly wage of Eighteen and 92/100 ($18.92) Dollars.

There was no break in claimant's hand, wrist or elbow; the only break being in the collar bone. He is unable to lift a weight in his left hand or to lift the arm normally.

Dr. Henry M. Wilson, of Peoria, called by claimant, testified that he had examined claimant and that the latter's left arm could be moved backwards only about ten (10) degrees and forward about thirty (30) degrees; that he had a decided loss of grip and restricted flexion of the hand; that there is an over-lapping fracture of the left clavicle and a fragment of bone broken off the first left transverse process of the thoracic vertebra which could only have occurred from some very violent blow; that the present condition is the result of the traumatic injury to the soft part of the shoulder; that such condition is permanent, and that claimant cannot use the arm in pursuit of any gainful occupation. Dr. Wilson further testified that there was some limitation both as to supination and pronation in the elbow joint and loss in flexion of about twenty (20) per cent in the wrist joint.

At the time the employment of Mr. Neuhaus was terminated a year after the accident then his son was employed as an attendant in his place. At that time Dr. Walter H. Baer, managing officer of the Peoria State Hospital stated that claimant was being released because of physical incapacity; that he was seventy-five years of age, had a mature cataract on the left eye and the beginning of one on the right, that his hearing was poor, that he had a large scrotal hernia, impaired muscle power of the left hand and arm and serious heart irregularity.

We find from the evidence the following:

1. That claimant had no children under sixteen years of age at the time of his injury.

2. That the accident arose out of and in the course of his employment.

3. That claimant and employer were at the time of the accident engaged in such work as to entitle claimant to the

benefit of the Workmen's Compensation Act of Illinois.

4. That he has heretofore been overpaid for temporary total disability, the sum of $34.11. This sum having been for non-productive time should be deducted from any award hereinafter made.

5. That plaintiff has suffered a fifty (50) per cent loss of use of the left arm as a result of the accident in question.

6. That proper notice of the accident and demand for compensation has been given.

7. That claimant is entitled to an award at the rate of $9.46 per week for one hundred twelve and one-half (112½) weeks for fifty (50) per cent loss of use of the left arm, as provided for under Section 8 (e), 13 and 17 of the Workmen's Compensation Act of Illinois.

An award is therefore hereby made in favor of claimant for the sum of One Thousand Sixty-four and 25/100 ($1,064.25) Dollars for fifty (50) per cent partial permanent loss of use of his left arm. From said amount there should be deducted Thirty-four and 11/100 ($34.11) Dollars for overpayment of temporary total disability heretofore made, leaving a balance of One Thousand Thirty and 14/100 ($1,030.14) Dollars. This award would be payable on a weekly basis of Nine and 46/100 ($9.46) Dollars per week, but as the entire amount has heretofore accrued since the accident, same is payable at the present time in one sum.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved July 3, 1937 (Sess. Laws 1937 p. 83), and being, by the terms of such act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the General Revenue Fund in the manner provided for in such Act.